NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0760n.06

No. 13-2615

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|                                        |     |                                |
|----------------------------------------|-----|--------------------------------|
| BARBARA RICHARDSON,                    | )   | **FILED**                      |
|                                        | )   | Oct 02, 2014                   |
| Plaintiff-Appellant,                   | )   | DEBORAH S. HUNT, Clerk         |
|                                        | )   |                                |
| v.                                     | )   | ON APPEAL FROM THE             |
|                                        | )   | UNITED STATES DISTRICT         |
| WAYNE STATE UNIVERSITY, et al.,        | )   | COURT FOR THE EASTERN          |
|                                        | )   | DISTRICT OF MICHIGAN           |
| Defendants-Appellees.                  | )   |                                |
|                                        | )   |                                |
|                                        | )   |                                |

Before: GIBBONS and KETHLEDGE, Circuit Judges; DOW, District Judge.[*]

KETHLEDGE, Circuit Judge. Barbara Richardson sued Wayne State University for age, race, and disability discrimination and for retaliating against her for complaining about that discrimination. After discovery, the district court granted summary judgment to Wayne State. We affirm.

Richardson is a 70-year old African-American woman who suffers from asthma and allergies. For many years, she worked at Wayne State's College of Engineering as a Budget Analyst. In that role, she was responsible for generating budgets for faculty grants, tracking expenditures, and approving expenses, among other duties.

On a few occasions, Richardson requested a promotion to the same pay grade as Karen Wilson and Charlene Brain, two white employees who worked at Wayne State. She also asked

---

[*] The Honorable Robert M. Dow, Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

for a better-ventilated office so that her asthma and allergies would flare up less often. Wayne State denied both requests. Richardson also asserts that, in 2009, the Dean of Research called her "little lady" and told her the "problem with you, Barbara, is that you are old."

The record in this case makes clear, as a matter of law, that from May 2010 to October 2011, Richardson was absent without permission more than a dozen times. When she did show up, she often did little work; and the work she did was often of poor quality. She missed deadlines, racked up a backlog of unfinished projects, and made numerous errors. Richardson also disobeyed her supervisors. On one occasion, a Wayne State administrator told her to move offices, but she refused to do so. On many others, her supervisors told her not to work overtime, but she did so anyway. She also failed to complete her activity log each week despite multiple warnings and formal reprimands.

In November 2011, Wayne State sent Richardson a letter warning her that she would be fired if she did not comply with Wayne State's rules. After receiving that letter, Richardson failed to complete her activity log eight more times, repeatedly stayed at work after closing, and missed several deadlines. In January 2012, Wayne State fired her.

In April, Richardson filed this lawsuit under the ADA, ADEA, Title VII, and Michigan law. In support of her ADA claim, Richardson contends that Wayne State should have accommodated her asthma and allergies by giving her a better-ventilated office. In support of her ADEA claim, she says that her supervisors were hostile toward her because of her age. As for her two Title VII claims, she asserts that Wayne State paid her less than it did white employees, and that it fired her because of her race. She also asserts that Wayne State retaliated against her after she complained about her treatment.

Wayne State moved for summary judgment, arguing that, because it is a public university, sovereign immunity barred Richardson's ADA and ADEA claims. Wayne State argued that it was also entitled to judgment on her Title VII claims because no reasonable juror could find that it discriminated against her because of her race or retaliated against her. The district court granted the motion. This appeal followed.

We review the district court's grant of summary judgment de novo. *Hunter v. Valley View Local Schools*, 579 F.3d 688, 690 (6th Cir. 2009). As an initial matter, the parties dispute whether Richardson's ADA and ADEA claims are barred by sovereign immunity. Two cases from the Supreme Court make clear that they are. *See Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000). Richardson argues those cases were wrongly decided, but we cannot overrule the Supreme Court. Thus, the district court correctly granted summary judgment on these claims.

The parties agree that Richardson's Title VII claims are not barred by sovereign immunity. One of those claims is based on Richardson's allegation that she was paid less than white employees. To avoid summary judgment, Richardson must present evidence that would allow a jury to find, among other things, that she was paid less than white employees who were "similarly situated." *See Ercegovich v. Goodyear Tire and Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). Richardson alleges that she was paid less than two white employees, Brain and Wilson. But those employees undisputedly had different titles and different duties than Richardson did, and thus they were not similarly situated. Hence the district court correctly granted summary judgment on Richardson's disparate-pay claim.

As for her wrongful-termination claim, Richardson cannot proceed if Wayne State had a legitimate, non-pretextual reason for firing her. *See Johnson v. Kroger Co.*, 319 F.3d. 858, 866

(6th Cir. 2003).  Here, Wayne State offers numerous such reasons: that Richardson was absent without permission, that her work was of low quality, that she missed deadlines, and that she repeatedly disobeyed her superiors.  Richardson points to no evidence that would allow a jury to find that those reasons were pretextual.  Thus, the district court correctly granted summary judgment on Richardson's wrongful-termination claim.

Finally, Richardson's retaliation claims under the ADA and ADEA are barred by sovereign immunity.  *See supra* at 3.  As for her retaliation claim under Title VII, Wayne State offered a legitimate, non-pretextual reason for firing her.  Thus, her retaliation claim fails for the same reason as her wrongful-termination claim.  *See Spengler v. Worthington Cylinders*, 615 F.3d 481, 492-93 (6th Cir. 2010).

The district court's judgment is affirmed.